**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTONDIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:24-CR-602-S** |
| | § | |
| **DUSTIN GENTRY** | § | |

# PLEA AGREEMENT

The United States of America, by and through John G.E. Marck, Acting United States Attorney for the Southern District of Texas, and Celia Moyer, Assistant United States Attorney, and the defendant, Dustin Gentry ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

## Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1, 2, 3 and 4 of the superseding information and to persist with that plea of guilty through sentencing. Count 1 charges Defendant with Failure to Register as a Sex Offender, in violation of Title 18, United States Code, Sections 2250(a)(1), 2250(a)(2)(A) and 2250(a)(3). Count 2 charges Defendant with Possession of Child Pornography, in violation of Title 18, United States Code, 2252A(a)(5)(B) and 2252A(b)(2). Count 3 charges Sexual Exploitation of a Minor in violation of Title 18, United States Code, 2251(a) & (e). Count 4 charges Defendant with Coercion or Enticement, in violation of Title 18, United States Code 2422(b). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding information, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2. The **statutory** maximum penalty for each violation of, Title 18, United States Code, Sections 2250(a)(1), 2250(a)(2)(A) and 2250(a)(3) is imprisonment of 10 years to life and/or a fine of not more than $250,000. The **statutory** maximum penalty for each violation of Title 18, United States Code, 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment of not more than 10 years imprisonment and/or a fine of not more than $250,000. If it is shown that the Defendant has a prior conviction for a sex offense, the range of punishment is no less than 10 years and no more than 30 years. The **statutory** maximum penalty for each violation of, 18, United States Code, Section 2251(a) & (e) is imprisonment of not more than 30 years imprisonment and/or a fine of not more than $250,000. If it is shown the Defendant has a prior conviction for a sex offense the punishment is no less than 25 years and no more than 50 years. The **statutory** maximum penalty for each violation of, 18, United States Code, Section 2422(b) is imprisonment of not less than 10 years of imprisonment and up to life and/or a fine of not more than $250,000.

3. With a conviction for Count 1, 2, 3 and 4 there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim. Additionally, under Count 1,2, 3 and 4, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned not more than 5 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(3) and 3583(k). If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which

imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years. See Title 18, United States Code, Section 3583(k). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

4. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

5. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5,000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

6. Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

(a) $17,000.00 if the Defendant is convicted of 18 U.S.C. Section 2252(a)(4)

or 2252A(a)(5);

(b) $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by Section 2259(c)(3), which includes offenses under Title 18, United States Code, Sections 2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of Sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(c) $50,000.00 if the Defendant is convicted of child pornography production as defined by Title 18, United States Code, Section 2259(c)(1), which includes offenses under Sections 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

7. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

**Immigration Consequences**

8. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney

has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

9. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

10. Defendant also agrees that should the conviction following the Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive

all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

11. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

12. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

13. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 1, 2, 3 and 4 of the superseding information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the underlying indictment at the time of sentencing. The Defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment

under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

**Agreement Binding - Southern District of Texas Only**

14. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment/information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not hind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

15. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

16. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

17. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but

would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

18. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1,2, 3 and 4 of the superseding information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Defendant, Dustin Gentry, was convicted on May 12, 2010, in the Southern District of Texas-Houston Division for violating 18 USC 2252A(a)(5)(B) and 2252A(b)(2), possession of child pornography, under case number 4:09-CR-500. This conviction requires GENTRY to register as a sex offender in the state of Texas for life. The Sex Offender Registration and Notification Act (SORNA) requires GENTRY to register as a Tier I sex offender for 15 years.

As part of GENTRY'S duty to register as a sex offender he is required to report any changes to online identifiers, including the establishment of any new online identifier not already included on his registration form, to his primary registration authority in the manner prescribed by the authority, no later than the 7th day after the change. GENTRY initialed this section numerous times over the years saying he understood this requirement.

However, from on or about July 1, 2013, to November 4, 2024, accounts utilized by the Defendant, including the email rakai.radomi@gmail.com, nor his Reddit, TikTok, Facebook or

Kik usernames were registered with the Houston Police Department's sex offender registration unit, as required by law.

On November 4, 2024, a search was conducted at the Defendant's residence. Agents found a locked Samsung Galaxy A15G that the Defendant denied access too. Law enforcement was able to unluck the phone and discovered many images of child pornography in a locked folder in Google Photos. Examples included from this search include:

- October 24, 2024-a 60 second video depicting a girl between the ages of 14 and 16 on all fours in a shower depicting her anus and vagina. She is observed masturbating.
- On November 18, 2024-a 12 second video with the print "telegram: cp2334a" depicting a girl between the ages of four and six providing oral sex to an adult male.

Law Enforcement also reviewed the application DISCORD on the Samsung Galaxy A15G. According to the device, the user's display name was "TheOnlyOneLeft", and the user's screen name was theonlyoneleft80. The user had been a member since March 9, 2016. The user's email address was listed as dustingentry04980@gmail.com. The user interacted with a number of minors.

Over a period of one month between July 22, 2024 and September 12, 2024, Minor Victim # 1 (MV1) had several communications with Defendant over Discord. Law Enforcement met with MV1 and confirmed that she was in fact is in fact 11 years old and she was the one sending communications and images to the Defendants during that time period. These communications made it clear that Defendant knew MV1 was young and in school. MV1 specifically told Defendant they were 11 years old and Defendant, using "TheOnlyOneLeft"claimed to be 16 or 17.

Defendant directed MV1 to send sexually photographs and videos. Directions including asking for "more pussy", telling MV1 to "play with it for me" and continually requesting less clothing. MV1 responded with images matching the directions, including a video of MV1 masturbating the way Defendant wanted.

Defendant additionally was in communication with MV2 from December of 2022 through October of 2023. MV2 was a 14-year-old minor, and it was clear the Defendant knew that from their conversations. MV2 stated that the Defendant began with casual conversations but increased the conversations to sexual conversations. Defendant persuaded and enticed her into engaging in sexual activity of production of child pornography, which is a crime in violation of 18 USC 2251. Defendant asked MV2 for nude images, including images of her breasts and vaginas.

The Defendant used cellular phones and/or the internet to facilitate the coercion and enticement of MV1 and MV2. The internet is a means and facility of interstate or foreign commerce.

**Breach of Plea Agreement**

19. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

20. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

21. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 10 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Restitution**

22. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per victim. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

**Forfeiture**

23. As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation [including but not limited to the following specific assets:

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) the Court will determine the proper amount of a money judgment

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

**Financial Statement**

24. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

25. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns.

Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Notification of the Sex Offender Registration and Notification Act**

26. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, be must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has heen advised, and understands, that failure to comply witb these obligations subjects his to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

27. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless

in writing and signed by all parties. Defendant acknowledges that no threats have been made against his and that he is pleading guilty freely and voluntarily because he is guilty.

28. Any modification of tbis plea agreement must be in writing and signed by all parties.

Filed at HOUSTON, Texas, on MAY 11, 2026.

DUSTIN GENTRY
Defendant

Subscribed and sworn to before me on MAY 11, 2026.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: ______________________
Deputy United States District Clerk

APPROVED:

John G.E. Marck
Acting United States Attorney

By: ______________________
Celia Moyer
Assistant United States Attorney
Southern District of Texas

______________________
Gus Saper
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.: 24-CR-602-S** |
| | § | |
| **DUSTIN GENTRY** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT – ADDENDUM

I have fully explained to Defendant his rights with respect to the pending superseding information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

[signature]
Gus Saper
Attorney for Defendant

5-11-2026
Date

I have consulted with my attorney and fully understand all my rights with respect to the superseding information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's

Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

Dustin Gentry
Defendant

5.11.2026
Date